UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BERTLING SERVICES** | § § § | |
| V. | § § | NO. SA: 11-CV-00359-OLG |
| **MICHAEL D. BROWN, PHILIP CHARLES BROWN** | § § § § | |

**PLAINTIFF BERTLING SERVICES AMENDED COMPLAINT AND ANSWER TO DEFENDANTS' COUNTERCLAIMS**

**I.
Parties**

Plaintiff, Bertling Services referred to alternately as "Plaintiff" or "Counterclaim Defendants" file this Plaintiff's Amended Complaint and Answer to Defendants' Counterclaims and shows as follows:

1.1. The Plaintiff is BERTLING SERVICES, a company duly formed and existing under the laws of the State of Texas, and having its principal place of business in Guadalupe County, Texas at 2502 N. Austin, Seguin, Texas 78155.

1.2. Defendant MICHAEL D. BROWN is an individual residing in Guadalupe County, Texas, who may be served with citation at 2722 Stage Coach Road, Marion, Texas 78124.

1.3. Defendant PHILIP CHARLES BROWN is an individual residing in Bexar County, Texas, who may be served with citation at 6807 Blue Lake, San Antonio, Texas 78244.

1

## II.

## Jurisdiction

2.1 This court has federal question jurisdiction under 209 U.S.C. § 201 et al under the Fair Labor Standards Act ("FLSA")

## III.
## Venue

3.1 Venue is proper in this Court, because the Plaintiffs are located in the Western District of Texas, San Antonio Division and under 28 U.S.C. §1391, 28 U.S.C. §1391(d), 28 U.S.C. §§1339 and 1400(a).

## IV.
## Introduction

4.1. Plaintiff Bertling Services operates a Rental & Repair business which provides construction equipment sales, rental, and repair in Seguin, Texas. Both Defendants worked for Bertling Services for three (3) years. This is a lawsuit brought by Plaintiff Bertling Services for conversion, theft fraud and conspiracy alleging that Defendants broke into the Rental shop and stole various items of equipment.

## V.
## Facts

5.1. Defendant Michael D. Brown was employed by Bertling Services as a mechanic. Specifically, Michael D. Brown was responsible for repairs to the rental equipment owned by Bertling Services and was paid a bonus of ten percent (10%) of all repairs of equipment which was owned by private individuals in addition to his salary.

5.2. Defendant Phillip Charles Brown was employed by Bertling Services as a truck driver. Specifically, Phillip Charles Brown was responsible for delivering large rental equipment such as tractors, back hoes and bulldozers, etc., to Bertling Services' rental customers and back to

Bertling Services once the customer was finished with the rental term. Phillip Charles Brown was paid a bonus of five percent (5%) of the delivery charges Bertling Services received for delivery and pick up of the large equipment in addition to his salary.

**5.3.** On July 8, 2010, both Defendants reported for work as usual and carried on their normal duties as required. The Defendants worked a full day and left work at around 5:38 p.m. However, before Defendant Phillip Charles Brown left for the day, he picked up an unused rain coat wrapped in plastic from the work shop, which was unusual as it was not raining.

**5.4.** On July 9, 2010, at night at approximately 1:24 a.m., Defendants returned to Bertling Services and cut a hole in the back fence, and proceeded to steal several items of equipment valued at over ten thousand dollars ($10,000.00). Specifically, the Defendants stole the following items:

    a.    Two (2) Wacker plate compactors which are used for packing and vibrating stone patios;

    b.    One (1) Coleman generator;

    c.    One (1) Champion generator;

    d.    One (1) 16" Stone walk behind concrete saw; and

    e.    One (1) General easy router electric sewer auger which is used for cleaning sewer lines.

**5.5.** The morning of July 9, 2010, all the employees of Bertling Services, including the Defendants, arrived at work as usual about 7:00 a.m. When Defendant Phillip Charles Brown arrived at work, the other employees noticed that he was carrying a rain coat which was wrinkled and bunched up under his arm, which was odd as it did not rain that day or the night before.

**5.6.** At approximately 9:00 a.m. on July 10, 2010, one of the employees of Bertling Services was mowing the lawn and noticed a hole cut in the fence. The employee immediately notified

3

Blake Bertling, owner of Bertling Services, who immediately began to investigate the cause of the hole in the fence. Mr. Bertling contacted the Seguin Police Department. At this time, both the Defendants were acting normal. However, when the video surveillance equipment was reviewed, it showed Defendant Phillip C. Brown sneaking to the door in order to hear the conversation of Mr. Bertling talking to the Seguin Police Department. Shortly thereafter, a police officer arrived at Bertling Services to investigate and take a report of the incident. Mr. Bertling and the police officer reviewed the video surveillance equipment, and the police officer took a copy of the videos for review.

**5.7.** The Defendants continued to work at Bertling Services over the next three (3) weeks and acted normal. However, on August 7, 2010, Mr. Bertling asked the Defendants if they would submit to a polygraph test and the Defendant Michael Brown threw his keys to the shop on the counter, and stated that he did not have hard feelings, and then proceeded to leave. Shortly thereafter he said they would think about over the weekend. On Monday August 10, 2010, Mr. Bertling proceeded to contact the Seguin Police Department. At that time, the Defendants had a change of mind, and refused to submit to the test. At that point, Defendant Phillip Brown admitted to Mr. Bertling that they were on the premises on the night of the theft, but only to use the back of the 18 wheeler as a restroom. Defendant Phillip Brown stated to Mr. Bertling that he thought the police were confusing the Defendants as the burglars. On August 12, 2010, both Defendants showed up to Bertling Services and threatened a lawsuit and refused to continue work at Bertling Services.

**5.8.**   In the meantime, Mr. Bertling reviewed the video surveillance which showed the Defendants stealing the above described equipment from the premises. Oddly enough, the video showed the Defendant Phillip Charles Brown wearing a rain coat and Michael D. Brown still in his Bertling Services uniform.

## CAUSES OF ACTION

### VI.
### First Cause of Action:
### Conversion

**6.1**   Plaintiff incorporates the facts and circumstances set forth above as if fully set forth herein in.

**6.2**   On July 8, 2010 at 1:24 a.m., the Defendants unlawfully and without authority assumed dominion and control over Plaintiff's property, described above, to the exclusion of or inconsistent with Plaintiff's rights in this property. Specifically, both Defendants reported for work as usual and carried on their normal duties as required. The Defendants worked a full day and left work at around 5:38 p.m. on July 8, 2010. However, before Defendant Phillip Charles Brown left for the day, he picked up an unused rain coat wrapped in plastic from the work shop, which was unusual as it was not raining. That night at approximately 1:24 a.m., on July 8, 2010, Defendants returned to Bertling Services and cut a hole in the back fence, and proceeded to steal several items of equipment valued at over ten thousand dollars ($10,000.00).

**6.3**   The video surveillance shows the Defendants stealing the above described equipment from the premises. Oddly enough, the video showed the Defendant Phillip Charles Brown

5

wearing a rain coat and Michael D. Brown still in his Bertling Services uniform. The following morning, Defendant Phillip Brown returned to work carrying a rain coat bundled under his arms.

## VII.
## Second Cause of Action:
## Theft Liability Act

7.1     Plaintiff incorporates the facts and circumstances set forth above as if fully set forth herein in.

7.2.    As stated above, the Defendants stole Plaintiff's property. Plaintiff had a possessory right to the above described property and the Defendants unlawfully stole the Plaintiff's property with intent to deprive the Plaintiff of the property. The Plaintiff sustained damages in excess of ten thousand dollars ($10,000.00).

## VIII.
## Third Cause of Action:
## Conspiracy

8.1     Plaintiff incorporates the facts and circumstances set forth above as if fully set forth herein in.

8.2.    The Defendants had a meeting of the mind with the objective to accomplish the theft of Plaintiff's property which is unlawful and did in fact act on their objective and stole Plaintiffs property causing Plaintiff to sustain damages in excess of ten thousand dollars ($10,000.00).

## IX.
## Third Cause of Action:
## Fraud

**9.1** Plaintiff incorporates the facts and circumstances set forth above as if fully set forth herein in.

**9.2.** Defendants' conversion and theft of the property, as alleged above, was fraudulent and malicious in that the Defendants specifically intended to cause substantial injury to Plaintiff. Accordingly, Plaintiff asks that exemplary damages be awarded against the Defendants.

## X.
## Third Cause of Action:
## Libel

**10.1** Plaintiff incorporates the facts and circumstances set forth above as if fully set forth herein in.

**10.2** Defendants made malicious, libelous statements regarding Plaintiff that were meant to cause financial injury or to impeach Plaintiff's honesty, integrity, virtue or reputation. Tex. Civ.Prac. & Rem. Code § 73.001.

**10.3** Under the common law of the State of Texas, Plaintiff is entitled to an injunction restraining Defendants and all persons acting in concert with them, from engaging in any further such acts of libel.

**10.4.** Plaintiff is further entitled to recover from Defendants the damages it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendant's libel alleged above.

**10.5** At present, the amount of damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

7

## XI.
## Third Cause of Action:
## Common Law Slander

11.1   Plaintiff incorporates these facts and circumstances set forth above as if fully set forth herein in support of its Common Law Slander Claim.

11.2   The statements Defendants made above also constitute slander.

11.3   Defendant published defamatory statements about Plaintiff with no legal excuse.

11.4   Under the common law of the State of Texas, Plaintiff is entitled to an Injunction restraining Defendants and all persons acting in concert with them, from engaging in any further such acts of slander.

11.5   Plaintiff is further entitled to recover from Defendants the damages it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendant's slander alleged above.

11.6   At present, the amount of damages; gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## XII.
## Jury Demand:

12.1   Plaintiff hereby demands a trial by jury.

## XIII.
## ATTORNEY'S FEES

13.1   It has been necessary for the Plaintiff to secure the services of Adrian A. Spears and Charles H. Sierra to pursue this matter, and to file and litigate this lawsuit. Should Plaintiff prevail in this matter, Plaintiff respectfully request that the Court award reasonable and necessary attorney's fees incurred in prosecuting this suit as permitted pursuant to the Texas Civil Practice, and Remedies Code and pursuant to any other statutory and common law entitlement.

# XIV.
## PLAINTIFF AND COUNTER DEFENDANTS' ANSWER TO DEFENDANTS' AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**14.1**  The allegations of paragraph 5 are denied.

**14.2**  The allegations of paragraph 6 are denied.

**14.3**  The allegations of paragraph 7 are denied.

**14.4**  The allegations of paragraph 8 are denied.

**14.5**  The allegations of paragraph 9 are denied.

**14.6**  The allegations of paragraph 10 are denied.

**14.7**  The allegations of paragraph 11 are denied.

**14.8**  The allegations of paragraph 12 are denied.

**14.9**  The allegations of paragraph 13 are denied.

**14.10**  The allegations of paragraph 14 are denied.

**14.11**  The allegations of paragraph 15 are denied.

**14.12**  The allegations of paragraph 16 are denied.

**14.13**  The allegations of paragraph 17 are admitted.

**14.14**  The allegations of paragraph 18 are admitted.

**14.15**  The allegations of paragraph 19 are admitted.

**14.16**  The allegations of paragraph numbered incorrectly as paragraph 27 are denied.

**14.17**  The allegations of paragraph 20 are denied.

**14.18**  The allegations of paragraph 21 are denied.

**14.19**  The allegations of paragraph 22 are denied.

**14.20**  The allegations of paragraph 23 are denied.

**14.21**  With respect to Defendants; request for relief in paragraph 24, Plaintiff and Counter Defendants deny that Defendants are entitled to any of the relief sought.

**14.22**  With respect to Defendants; request for self authentication in paragraph 25 is denied.

**14.23**  Plaintiff and Counterclaim Defendants' acknowledge the statement of paragraph 26.

**14.24**  With respect to Defendants; request for relief sections A-E, Plaintiff and Counter Defendants deny that Defendants are entitled to any of the relief sought.

# XV.
# Conclusion and Prayer for Relief

**15.1** Plaintiff Bertling Services request that upon a trial by jury in this cause, the court enter a final judgment as follows:

**15.2** Enter a judgment awarding Plaintiff its actual damages and other damages and relief requested and allowed by law.

**15.3** Enter a judgment awarding Plaintiff pre-judgment and post-judgment interest as allowed by law on any monetary damages awarded.

**15.4** Enter a judgment for Plaintiff for attorney fees as sought and allowed by law together with pre-judgment and post-judgment interest.

**15.5** Enter a judgment for Plaintiff for exemplary damages as sought together with pre-judgment and post-judgment interest as allowed by law.

**15.6** Enter judgment awarding Plaintiff any other relief, either legal or equitable in nature that it may be entitled to.

**15.7** Upon final trial, permanently enjoining Defendants and those acting in concert with them from engaging in the acts complained of;

**15.8** Ordering Defendants to immediately return any equipment of any form that belong to Plaintiff;

**15.9** Awarding Plaintiff its reasonable attorney fees incurred in prosecuting and defending this suit.

**15.10** Awarding Plaintiff all its reasonable costs and expenses.

Dated this the 2nd day of October, 2011.

>Respectfully submitted,
>
>_____
>Adrian A. Spears II
>SBN. 24049318
>Charles H. Sierra
>Attorney at Law
>SBN. 18345300
>106 S. St. Mary's Street, Suite 255
>San Antonio, TX 78205
>(210) 446-4500
>(210) 853-5774 FAX
>Attorneys for Plaintiff
>Bertling Services
>adrian@aspearslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2011, a copy of Plaintiffs' Amended Complaint and Answer to Defendants Counterclaims was faxed, mailed or hand delivered to the Attorney for Defendants, Glen D. Levy, 906 West Basse Road, Suite 100, San Antonio, Texas 78212.

_____
Adrian A. Spears II