# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BERTLING SERVICES,<br>　　Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO.: SA-11-CA-00359-OG |
| MICHAEL D. BROWN and PHILIP CHARLES BROWN,<br>　　Defendants. | § § § | |

### DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSE AND COUNTER-CLAIMS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME MICHAEL D. BROWN and PHILIP CHARLES BROWN, Defendants in the above-styled and numbered cause, and file this their Amended Answer, Affirmative Defense and Counter-Claims in response to Plaintiff's Amended Complaint and Answer to Defendants' Counter-Claims, and in support hereof would respectfully show this Court the following:

### AMENDED ANSWER IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT AND ANSWER TO DEFENDANTS' COUNTER-CLAIMS

1.　Defendants admit the allegations set forth in paragraph 1.1 of Plaintiff's Amended Complaint and Answer to Defendants' Counter-Claims.

2.　Defendants admit the allegations set forth in paragraph 1.2 of Plaintiff's Amended Complaint and Answer to Defendants' Counter-Claims.

3.　Defendants admit the allegations set forth in paragraph 1.3 of Plaintiff's Amended Complaint and Answer to Defendants' Counter-Claims.

7

4.   Defendants admit the allegations set forth in paragraph 2.1 of Plaintiff's Amended Complaint and Answer to Defendants' Counter-Claims.

5.   Defendants admit the allegations set forth in paragraph 3.1 of Plaintiff's Amended Complaint and Answer to Defendants' Counter-Claims.

6.   Defendants admit that Plaintiff operates a rental and repair business in Seguin, Texas as set forth in paragraph 4.1. Defendants further admit that they worked for Plaintiff for three (3) years. Finally, Defendants acknowledge Plaintiff's claims in the present lawsuit, but deny any wrongdoing and/or unlawful act giving rise to Plaintiff's claims, and further assert that Plaintiff's claims are without merit.

7.   With regard to paragraph 5.1 of Plaintiff's Amended Complaint, Defendants admit that Michael D. Brown performed the services of a mechanic on behalf of Plaintiff. Defendants deny the remaining allegations set forth in paragraph 5.1.

8.   With regard to paragraph 5.2 of Plaintiff's Amended Complaint, Defendants admit that Philip Charles Brown performed delivery duties on behalf of Plaintiff. Defendants deny the remaining allegations set forth in paragraph 5.2.

9.   With regard to paragraph 5.3 of Plaintiff's Amended Complaint, Defendants admit that they performed work on behalf of Plaintiff on July 8, 2010. Defendants deny the remaining allegations set forth in paragraph 5.3.

10.  Defendants deny all of the allegations set forth in paragraph 5.4, including sub-paragraphs (a) through (e).

11.  With regard to paragraph 5.5 of Plaintiff's Amended Complaint, Defendants admit that they reported to work on the day cited. Defendants deny the remaining allegations set forth in paragraph 5.5.

12. With regard to paragraph 5.6 of Plaintiff's Amended Complaint, Defendants are without sufficient knowledge to either admit or deny the allegations set forth therein and, therefore, deny same.

13. With regard to paragraph 5.7 of Plaintiff's Amended Complaint, Defendants admit that they continued to work for Plaintiff after the alleged theft. Defendants further admit that Plaintiff demanded that Defendants submit to a polygraph test. Defendants deny the remaining allegations set forth in paragraph 5.7.

14. Defendants deny the allegations set forth in paragraph 5.8 of Plaintiff's Amended Complaint.

15. Defendants acknowledge that Plaintiff is incorporating the facts and circumstances set forth prior to paragraph 6.1 of Plaintiff's Amended Complaint.

16. With regard to paragraph 6.2 of Plaintiff's Amended Complaint, Defendants admit that they worked a full day on July 8, 2010. Defendants deny the remaining allegations set forth in paragraph 6.2 of Plaintiff's Amended Complaint.

17. Defendants deny the allegations set forth in paragraph 6.3 of Plaintiff's Amended Complaint.

18. Defendants acknowledge that Plaintiff is incorporating the facts and circumstances set forth prior to paragraph 7.1 of Plaintiff's Amended Complaint.

19. Defendants deny the allegations set forth in paragraph 7.2 of Plaintiff's Amended Complaint.

20. Defendants acknowledge that Plaintiff is incorporating the facts and circumstances set forth prior to paragraph 8.1 of Plaintiff's Amended Complaint.

21. Defendants deny the allegations set forth in paragraph 8.2 of Plaintiff's Amended Complaint.

22. Defendants acknowledge that Plaintiff is incorporating the facts and circumstances set forth prior to paragraph 9.1 of Plaintiff's Amended Complaint.

23. Defendants deny the allegations set forth in paragraph 9.2 of Plaintiff's Amended Complaint.

24. Defendants acknowledge that Plaintiff is incorporating the facts and circumstances set forth prior to paragraph 10.1 of Plaintiff's Amended Complaint.

25. Defendants deny the allegations set forth in paragraph 10.2 of Plaintiff's Amended Complaint.

26. Defendants deny the allegations set forth in paragraph 10.3 of Plaintiff's Amended Complaint.

27. Defendants deny the allegations set forth in paragraph 10.4 of Plaintiff's Amended Complaint.

28. Defendants deny the allegations set forth in paragraph 10.5 of Plaintiff's Amended Complaint.

29. Defendants acknowledge that Plaintiff is incorporating the facts and circumstances set forth prior to paragraph 11.1 of Plaintiff's Amended Complaint.

30. Defendants deny the allegations set forth in paragraph 11.2 of Plaintiff's Amended Complaint.

31. Defendants deny the allegations set forth in paragraph 11.3 of Plaintiff's Amended Complaint.

32. Defendants deny the allegations set forth in paragraph 11.4 of Plaintiff's Amended Complaint.

33. Defendants deny the allegations set forth in paragraph 11.5 of Plaintiff's Amended Complaint.

34. Defendants deny the allegations set forth in paragraph 11.6 of Plaintiff's Amended Complaint.

35. Defendants acknowledge that Plaintiff demands a trial by jury as set forth in paragraph 12.1 of Plaintiff's Amended Complaint.

36. Defendants acknowledge that Plaintiff has retained counsel as described in paragraph 13.1 of Plaintiff's Amended Complaint. Defendants deny that Plaintiff is entitled to any of the relief described in paragraph 13.1.

37. Defendants acknowledge paragraph XV of Plaintiff's Amended Complaint entitled "Conclusion and Prayer for Relief," but deny that Plaintiff is entitled to any of the relief set forth therein, including paragraphs 15.1 through 15.10.

## AFFIRMATIVE DEFENSE

38. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants assert truth as an affirmative defense.

## DEFENDANTS/COUNTER-PLAINTIFFS' COUNTER-CLAIMS

### Defamation

39. Counter-defendant published a statement by orally asserting as fact that Counter-plaintiffs committed criminal acts.

11

40. The statement involved a private matter.

41. The statement referred to Counter-plaintiffs by name.

42. The statement was defamatory because it unambiguously accused the Counter-plaintiffs of a crime.

43. The statement was false.

44. Counter-defendant is strictly liable to Counter-plaintiffs for the defamation.

45. Counter-defendant's false statement caused injury to Counter-plaintiffs, which resulted in damages.

46. Counter-plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

47. Counter-plaintiffs' injury resulted from Counter-defendant's malice, which entitles Counter-plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code Section 41.003(a).

### Defamation *Per Se*

48. Counter-defendant's statement as described above was defamatory *per se* under the common law, due to the fact that the statement charged Counter-plaintiffs with a crime.

49. The defamatory statement requires no proof of its injurious character because it was obviously hurtful to Counter-plaintiffs.

### Failure to Pay Overtime

50. In addition, Counter-defendant failed to pay the Counter-plaintiffs overtime wages in violation of the Fair Labor Standards Act (FLSA).

51. At all relevant times, Counter-defendant has been, and continues to be, an "employer engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 209 U.S.C. § 203. At all relevant times, Counter-defendant has employed and/or continues to employ "employee[s]," including Counter-plaintiffs. At all times, Counter-defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

52. The FLSA requires a covered employer such as Counter-defendant to compensate all non-exempt employees for all hours worked at an hourly rate and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

53. Counter-plaintiffs are not exempt from the right to receive overtime pay or to be paid for all hours worked under FLSA. Counter-plaintiffs are entitled to be paid compensation for all hours worked and are entitled to be paid overtime compensation for hours worked.

54. At all relevant times, Counter-defendant has had a policy of practice of failing and refusing to pay the Counter-plaintiffs for all hours worked and failing and refusing to pay overtime pay to the Counter-plaintiffs.

55. In addition, Counter-plaintiffs regularly worked through part of their entire lunch break without being compensated for same.

56. As a result of Counter-defendant's failure to compensate the Counter-plaintiffs for all hours worked and its failure to compensate them at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a

work week, Counter-defendant has violated the FLSA, 29 U.S.C §§201, *et seq.*, including 29 U.S.C. §207 (a)(1) and § 206(a).

57. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255 (a).

58. Counter-plaintiffs seek damages in the amount of all respective unpaid straight time for unpaid hours worked and all unpaid overtime compensation for all hours worked in excess of forty per week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

59. Counter-plaintiffs additionally seek recovery of all attorney's fees, costs, and expenses of this action, to be paid by Counter-defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## **Violations of Employee Polygraph Protection Act**

60. The Employee Polygraph Protection Act prohibits a private employer such as Counter-defendant from discharging, disciplining or discriminating against employees such as Counter-plaintiffs for refusing to take a polygraph test or for exercising other rights under the statute.

61. Counter-plaintiffs were told by Counter-defendant that they would be fired if they did not submit to a polygraph test. When Counter-plaintiffs exercised their rights not to be subjected to an illegal polygraph test, they were wrongfully terminated from employment.

62. Counter-plaintiffs seek all actual and equitable relief available to them as a result of Counter-defendant's violation of the Employee Polygraph Protection Act, including

but not limited to lost wages and benefits, attorney's fees, costs, and expenses of this action.

## PRAYER

For these reasons, Defendants/Counter-plaintiffs ask that they be awarded a judgment against Plaintiff/Counter-Defendant for the following:

a. Actual damages;

b. Exemplary damages;

c. Prejudgment and post judgment interest;

d. Court costs; and

e. All other relief to which Defendants/Counter-plaintiffs are entitled.

Defendants/Counter-plaintiffs further pray that Plaintiff/Counter-defendant take nothing by and through the present Complaint, and that Plaintiff/Counter-defendant be denied any and all relief which they seek by and through the present action.

Respectfully submitted,

By: _____/s/_____
Glenn D. Levy
Texas Bar No. 12264925
906 West Basse Road, Suite 100
San Antonio, Texas 78212
Telephone:   210.822.5666
Facsimile:   210.822.5650
**ATTORNEY FOR DEFENDANTS/COUNTER-PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify on the 14th day of December, 2011, this document was properly served on all counsel of record via electronic filing in accordance with the United States District Court, Western District of Texas Procedures for Electronic Filing.

Adrian A. Spears II
SBN: 24049318
106 S. St. Mary's Street, Suite 255
San Antonio, Texas 78205
P: (210) 446-4500
F: (210) 853-5774
**ATTORNEY FOR PLAINTIFF
BERTLING SERVIES**

/s/ Glenn D. Levy
Glenn D. Levy